SA:ANW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

MARSHA-GAY REYNOLDS,

Defendant.

- - - - - - - - - - - - - - - X

16 M 0284

REMOVAL TO THE
CENTRAL DISTRICT
OF CALIFORNIA

Fed. R. Crim. P. 5

EASTERN DISTRICT OF NEW YORK, SS:

CAROLYN PORRAS, being duly sworn, deposes and states that she is a Special Agent with the Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such.

On March 23, 2016, an arrest warrant was issued by the United States District Court for the Central District of California commanding the arrest of MARSHA-GAY REYNOLDS for possessing with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The source of your deponent's information and the grounds for her belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. I am one of the New York case agents assigned to the underlying investigation of the defendant out of the Central District of California. I have been a DEA Special Agent for approximately twenty years.

2. On March 23, 2016, an arrest warrant was issued by the United States District Court for the Central District of California commanding the arrest of MARSHA-GAY REYNOLDS for possessing with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). A copy of the arrest warrant and the complaint from the Central District of California are attached hereto as Exhibit A.

3. On March 23, 2016, the defendant MARSHA-GAY REYNOLDS voluntarily surrendered to DEA's offices located at John F. Kennedy International Airport ("JFK"). REYNOLDS verbally identified herself as the defendant MARSHA-GAY REYNOLDS. REYNOLDS presented a New York State Driver's License issued to "MARSHAGAY REYNOLDS" bearing her photograph. REYNOLDS also presented a United States passport issued to "MARSHAGAY REYNOLDS" bearing her photograph. DEA agents compared the photographs from these identification documents to a photograph of the individual sought by the Central District of California. In my opinion, the photographs of "MARSHAGAY REYNOLDS" on the driver's license and passport and the appearance of the person who surrendered to the DEA at JFK match the photograph of the defendant sought by the Central District of California, that is, MARSHA-GAY REYNOLDS.

WHEREFORE, your deponent respectfully requests that the defendant MARSHA-GAY REYNOLDS be removed to the Central District of California so that she may be dealt with according to law.

CAROLYN PORRAS
Special Agent, Drug Enforcement Administration

Sworn to before me this
24th d~~

S/Pohorelsky

THE
UNIT
EAST

POHORELSKY
JUDGE
ORK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | WARRANT FOR ARREST |
| PLAINTIFF, | |
| v. | ON COMPLAINT |
| MARSHA GAY REYNOLDS, | CASE NO.: **16-0607M** |
| DEFENDANT. | |

To: UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

**YOU ARE HEREBY COMMANDED** to arrest **MARSHA GAY REYNOLDS** and bring her forthwith to the nearest Magistrate Judge to answer a complaint charging her with Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

REC: BY AUSA     Detention

JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE

3/23/16
Date

Honorable Jacqueline Chooljian

JACQUELINE CHOOLJIAN

Signature of Magistrate Judge

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at (location): | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

DESCRIPTIVE INFORMATION FOR DEFENDANT CONTAINED ON PAGE TWO



| AO 91 (Rev. 11/82) | CRIMINAL COMPLAINT | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | CENTRAL DISTRICT OF CALIFORNIA |
| UNITED STATES OF AMERICA<br>v.<br>MARSHA GAY REYNOLDS | DOCKET NO.<br>16-06?M | |
| | MAGISTRATE'S CASE NO.<br>MAR 23 2016<br>CENTRAL DISTRICT OF CALIFORNIA  DEPUTY | |

Complaint for violation of Title 21, United States Code, Section 841(a)(1)

| NAME OF MAGISTRATE JUDGE<br>HONORABLE JACQUELINE CHOOLJIAN | UNITED STATES MAGISTRATE JUDGE | LOCATION<br>Los Angeles, California |
|---|---|---|
| DATE OF OFFENSE<br>March 18, 2016 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

[21 U.S.C. § 841(a)(1)]

On or about March 18, 2016, in Los Angeles County, within the Central District of California, defendant MARSHA GAY REYNOLDS knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>Trayvon Barnes /S/ |
|---|---|
| | OFFICIAL TITLE<br>Special Agent – Federal Bureau of Investigation |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE[1]<br>JACQUELINE CHOOLJIAN | DATE<br>March 23, 2016 |
|---|---|

[1] See Federal Rules of Criminal Procedure 3 and 54

AUSA Reema M. El-Amamy x0552    REC: Detention

# AFFIDAVIT

I, Trayvon Barnes, being duly sworn, declare and state as follows:

## I. INTRODUCTION

1. I am a Special Agent of the United States, within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Titles 18 and 21 of the United States Code.

2. I am a Special Agent ("SA") for the Federal Bureau of Investigation ("FBI"), and have been so employed since May 2015. Prior to my employment as an SA with the FBI, I was employed as an SA with the Drug Enforcement Administration ("DEA"), Los Angeles Field Division ("LAFD") from September 2008 until May 2015. I am currently assigned to a Criminal Enterprise Squad at the Los Angeles Field Office of the FBI, specifically the Southern California Drug Task Force ("SCDTF"), High Intensity Drug Trafficking Area ("LA HIDTA"), Group 47. LA HIDTA is a task force comprised of agents and officers from federal, state, and local law enforcement agencies, primarily investigating large-scale drug trafficking organizations, as well as violent street gangs involved in drug distribution, firearms offenses, racketeering offenses, as well as the conspiracies associated with these offenses.

3. Additionally, I am assigned to the Los Angeles International Airport Criminal Enterprise Task Force ("LAACETF"), an inter-agency task force based at the Los Angeles

1

International Airport ("LAX"). In addition to the FBI, other members of the interagency task force, which include the DEA, United States Customs and Border Protection ("CBP"), the Transportation Security Administration ("TSA"), the Los Angeles International Airport Police Department ("LAX PD"), the Los Angeles Police Department ("LAPD"), and the Los Angeles Sheriff's Department ("LASD"), have all recognized that there is a need for a coordinated law enforcement effort to target airport/airline internal criminal enterprises that use the aviation system to transport large amounts of illicit drugs throughout the United States and various international destinations. The LAACETF focuses on all airports within the FBI Los Angeles Field Office's area of responsibility, which includes LAX, as well as the John Wayne International Airport, the Los Angeles/Ontario International Airport, the Long Beach Airport, the Bob Hope Airport, the Van Nuys Airport, and the Santa Monica Airport.

4. Specifically, the LAACETF is focused on investigating airport/airline internal conspiracies in which criminal enterprises recruit airport/airline employees to exploit their privileged airport access and knowledge of existing airport security procedures. These investigations focus on the use of airport/airline employees with access to sensitive areas of the airport and/or aircrafts, to smuggle large amounts of illicit drugs into and throughout the United States. Previous and current investigations have identified Transnational Criminal Organizations ("TCO") that generally depend on drug trafficking

2

as their primary source of revenue. As such, TCO's require the use of various forms of transport in order to obtain and distribute large amounts of illicit drugs into and throughout the United States, and air travel provides a significant opportunity for them to do so. Additionally, air travel provides an opportunity to smuggle and distribute other contraband to include drug proceeds. These investigations have revealed that the smuggling and distribution efforts by TCO's are greatly enhanced by the use of airport/airline employees who have access to sensitive areas of the airport/or and aircrafts.

## II. PURPOSE OF AFFIDAVIT

5. This affidavit is submitted in support of a criminal complaint against, and an arrest warrant for, Marsha Gay REYNOLDS ("REYNOLDS") for a violation of Title 21, United States Code, Section 841(a)(1) (Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine).

6. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the complaint and requested warrant, and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

3

## III. SUMMARY OF PROBABLE CAUSE

7. On March 18, 2016, at approximately 7:08 p.m., the Transportation Security Administration ("TSA") contacted the Los Angeles International Airport Police Department ("LAX PD"), and reported an incident involving an airline flight crewmember later identified as Marsha Gay REYNOLDS. TSA reported that REYNOLDS abandoned two carry-on luggage bags while en-route to a secondary TSA screening area after being randomly selected to participate in a secondary TSA security screening. The abandoned luggage was subsequently found to contain eleven individually wrapped packages that each contained a mixture or substance containing a detectable amount of cocaine that, in total, weighed approximately 68.49 pounds.

8. The facts supporting this affidavit are based on my knowledge, training, and experience, my conversations with TSA agents and officers, LAX PD officers, airline corporate security personnel, and my review of incident reports written by LAX PD and TSA Officers. Furthermore, I have reviewed supporting documents in this matter, including photos and video recordings of the incident.

## IV. STATEMENT OF PROBABLE CAUSE

9. Based on my conversation with TSA Transportation Security Officer ("TSO") Jamie Samuel, and my review of TSO Samuel's incident report, I learned that TSO Samuel has been a TSO with the TSA for the past 5 ½ years, and is currently assigned to a TSA security screening station located in Terminal

4

4 of LAX. As part of her normal work duties, TSO Samuel is tasked with the screening of passengers and/or baggage to ensure compliance with TSA regulations. As such, TSO Samuel may operate basic security equipment, such as x-ray machines and hand wands at various TSA security screening checkpoints. As a TSO, Samuel has also participated in "behavioral awareness" training to assist in conducting her normal work duties. Based on her training and experience, TSO Samuel is able to recognize certain behavioral characteristics such as anxiety, tension, and nervousness, which are, according to her, traits often exhibited by individuals involved in illegal activity.

10. Based on my conversations with TSO Samuel, and my review of TSO Samuel's incident report, I learned the following regarding the events of March 18, 2016:

    a. On March 18, 2016, at approximately 7:08 p.m., TSO Samuel was working at the Known Crew Member ("KCM") security checkpoint area of Terminal 4 at LAX. At this time, REYNOLDS, who was attempting to enter the sterile area of Terminal 4, approached TSO Samuel. TSO Samuel observed that REYNOLDS was wearing a black suit jacket and jeans, and was in possession of two carry-on luggage bags, and a large duffle-sized purse. Per standard operating procedure, TSO Samuel asked REYNOLDS for her KCM badge as well as a second form of identification, which REYNOLDS presented to TSO Samuel. TSO Samuel scanned REYNOLDS' KCM badge through the KCM authentication terminal. The KCM authentication terminal accepted REYNOLDS' badge, identifying REYNOLDS as a pre-screened known crewmember.

b. After TSO Samuel scanned REYNOLDS' KCM badge through the KCM authentication terminal, the KCM terminal randomly selected REYNOLDS to participate in a secondary TSA security screening. At this time, TSO Samuel advised REYNOLDS that REYNOLDS had been randomly selected for secondary TSA security screening. TSO Samuel then called for a Supervisory Transportation Security Officer ("STSO") to respond. At this time, TSO Samuel noticed that REYNOLDS became nervous, and began looking around. REYNOLDS then retrieved a cell phone from her purse, and made a phone call. The call took place in a foreign language that TSO Samuel could not understand. Shortly thereafter, STSO Charles James responded to the Terminal 4 KCM area in order to escort REYNOLDS to a secondary TSA security screening area.

11. Based on my conversations with STSO James, and my review of STSO James' incident report, I learned the following regarding the events of March 18, 2016:

a. On March 18, 2016, at approximately 7:10 p.m., STSO James responded to a call from TSO Samuel for additional screening of a KCM. Upon arrival at the LAX Terminal 4 KCM area, STSO James met REYNOLDS, and began to escort REYNOLDS to a secondary TSA security screening area. While escorting REYNOLDS to the secondary screening area, STSO James noticed that REYNOLDS was not following closely behind STSO James. At several points while walking to the secondary screening area, STSO James requested that REYNOLDS follow more closely, as this is the standard procedure when escorting individuals between

6

checkpoints. STSO James noticed that the entire time while being escorted to secondary screening, REYNOLDS was talking on her phone to an unknown individual.

        b. Upon arrival at the secondary screening area, STSO James requested REYNOLDS' identification and flight crewmember badge for inspection by the Travel Document Check Officer. At this time, REYNOLDS dropped her carry-on luggage, removed her shoes, and began to run away from STSO James. STSO James observed REYNOLDS run down an upward traveling escalator, then out of Terminal 4 running eastbound towards Terminal 5. During REYNOLDS' flight, STSO James did not attempt to pursue REYNOLDS, as his primary concern was the abandoned luggage that REYNOLDS left behind, and the public safety issue that it potentially presented.

        c. STSO James then notified his supervisor and the LAX PD respectively, in order to advise them of the situation. Shortly thereafter, LAX PD Officer Alexis Chan responded to the secondary TSA screening area where STSO James had maintained custody of REYNOLDS' abandoned luggage.

        d. Based on my conversations with LAX PD Officer Chan, and my review of Officer Chan's incident report, I learned that, upon arrival to the secondary TSA screening area where STSO James had maintained custody of REYNOLDS' abandoned luggage, Officer Chan was unable to locate REYNOLDS. Officer Chan then requested assistance from two different explosives detection dogs. After the detection dogs conducted two separate inspections of the abandoned luggage, Officer Chan conducted an

inventory search of the abandoned luggage. Upon inspection of the abandoned luggage, Officer Chan observed a total of eleven packages that were individually wrapped in green cellophane wrapping. The packages were contained inside yellow or white envelopes. Officer Chan noticed that each package was labeled with the phrase "BIG Ranch." At this time, Officer Chan believed the packages to contain illegal drugs.

  e. At this time, Officer Chan, LAX PD Officer Gabriella Gonzalez, and LAX PD Officer William Hsu maintained complete custody and control of the packages and the abandoned luggage until these items were transported to the LAX PD Station located at 6320 W. 96th Street, Los Angeles, CA. Next, the abandoned property was transported to the LAPD Forensic Science Division where each of the eleven packages of suspected drugs were weighed and field-tested by LAX PD personnel. In total, the contents of the packages weighed approximately 68.49 pounds. Additionally, each of the packages contained a powdery white substance that field-tested positively for the presence of cocaine. After processing and field-testing, the evidence was booked at the LAPD Metropolitan Detention Center.

  f. On March 22, 2016, DEA SA Brian Willey and DEA SA Davis King retrieved the eleven from LAPD custody and booked them into DEA evidence until they could be transported to the DEA Southwest laboratory on today's date for further laboratory analysis.

## V. CONCLUSION

12. For all the reasons described above, there is probable cause to believe that MARSHA GAY REYNOLDS violated Title 21, United States Code, Section 841(a)(1) (Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Cocaine).

/s/
_____
Trayvon Barnes
Special Agent – FBI

Subscribed and sworn to before me
This 23rd day of March, 2016

**JACQUELINE CHOOLJIAN**
_____
United States Magistrate Judge